IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv31 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA PAROLE BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 21, the Motion to Dismiss filed by the Nebraska Parole Board, and defendants-Kenneth Vampola, Ester Casmer, Bob Boozer, Mike Gomez, and Jim Pearson in their official capacity; (2) filing no. 26, the Motion to Subpoena filed by the plaintiff, Steven R. Blair; (3) filing no. 33, the Motion to Dismiss filed by Kenneth Vampola in his individual capacity; (4) filing no. 39, the Motion to Dismiss filed by Ester Casmer, Bob Boozer, Mike Gomez, Jim Pearson in their individual capacity; and (5) filing no. 43, the plaintiff's Motion for Extension of Time to respond to Motions to Dismiss.  As a preliminary matter, the plaintiff's Motion for Extension of Time is granted, and the court notes that in filing nos. 30 and 44, the plaintiff has responded to the defendants' Motions to Dismiss.

As the defendants acknowledge, the plaintiff is currently serving a sentence, after conviction, for the crimes of kidnapping, using a deadly weapon to commit a felony, and making terroristic threats.  However, on August 8, 2003, the Douglas County District Court vacated the plaintiff's conviction and ordered a new trial.  That order is currently stayed, pending the resolution of an ongoing appeal to the Nebraska Court of Appeals.  In his complaint, the plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988, alleging that the defendants have conspired to deny him, and have improperly denied him, parole.  The defendants contend that the plaintiff has failed to state a claim on which relief may be granted.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true.  Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998).  See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.)  Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt

1

that the plaintiff can prove no set of facts which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  In light of that strict standard, the plaintiff's complaint will not be dismissed for failure to state a claim on which relief may be granted.

Therefore, filing nos. 21, 33 and 39, the defendants' Motions to Dismiss, are denied.  Most of the arguments raised by the defendants would more properly be asserted on the basis of a factual record.  If the defendants later file a motion for summary judgment requiring review of a transcript of the parole board proceedings, they shall furnish the court with a transcript under seal.  Until that time, filing no. 26, the plaintiff's Motion to Subpoena the tapes of the parole board hearing, is denied.

THEREFORE IT IS ORDERED:

1. That filing no. 43, the plaintiff's Motion for Extension of Time, is granted; and

2. That all other pending motions (filing nos. 21, 26, 33 and 39) are denied.

DATED this 15th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge