IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN R. BLAIR, | ) |
| Plaintiff, | ) 8:05cv31 |
| vs. | ) MEMORANDUM AND ORDER |
| NEBRASKA PAROLE BOARD, et al., | ) |
| Defendants. | ) |

This matter is before the court on filing no. 46, the Motion for a Temporary Restraining Order ("TRO") filed by the plaintiff, Steven R. Blair, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). By December 15, 2005, the defendants shall file a response to filing no. 46.

In the Eighth Circuit, a court must balance four factors (the "Dataphase factors") when determining whether to issue a TRO or preliminary injunction. The Dataphase factors are:

1. the threat of irreparable harm to the movant;
2. the balance between the harm to the movant and any injury that temporary injunctive relief would inflict on the nonmoving party should the injunction issue;
3. the likelihood of success on the merits; and
4. the public interest.

See, e.g., Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (*en banc*). The burden of proving that preliminary injunctive relief should be granted "rests entirely with the movant." Goff v. Harper, 60 F.3d at 520. "[F]or an injunction to issue 'a right must be violated' and ... 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.'" Id. at 521 (citation omitted).

THEREFORE, IT IS ORDERED:

1. That by December 15, 2005, the defendants shall respond to the plaintiff's Motion for a TRO (filing no. 46); and

1

3. That by December 30, 2005, unless a timely motion for extension of time is granted, the plaintiff shall reply to the defendants' response.

Dated this 29th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge