IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN R. BLAIR, ) | |
| ) | |
| Plaintiff, ) | 8:05CV31 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| NEBRASKA PAROLE BOARD, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the following motions filed by the plaintiff, Steven R. Blair, who filed this action while a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"): (1) filing no. 46, the Motion for a Temporary Restraining Order; (2) filing no. 56, the second Motion for a Temporary Restraining Order; and (3) filing no. 58, the Motion to Withdraw filing no. 56. As a preliminary matter, filing no. 58 is granted, and filing no. 56 is denied as withdrawn. The only remaining pending matter is filing no. 46, the plaintiff's initial Motion for a Temporary Restraining Order.

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988, alleging that the defendants, members of the Nebraska Board of Parole, wrongfully and improperly denied him parole. In his complaint (filing no. 1), as amended (filing no. 13), the plaintiff has sued the defendants in their individual and official capacities for monetary, declaratory and injunctive relief.

In filing no. 46, the plaintiff asks the court to enjoin the defendants from enforcing their recommendations that the plaintiff undergo outpatient mental health and a psychological evaluation as conditions of parole, as set forth in an Offender Board Review Notice (Exh. 4 to filing no. 46). The plaintiff also seeks to enjoin the defendants from

1

relying on certain reasons for denying him parole and from delaying his consideration for parole to a later date. In short, the plaintiff seeks to impose liability on the members of the Parole Board for their decisions made while acting as members of the Board.

Within the Eighth Circuit, a court must balance four factors (the "Dataphase factors") when determining whether to issue a temporary restraining order or preliminary injunction:

(1) the threat of irreparable harm to the movant;

(2) the balance between the harm to the movant and any injury that preliminary injunctive relief would inflict on the nonmoving party should the injunction issue;

(3) the likelihood of success on the merits; and

(4) the public interest.

Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (en banc). The burden of proving that preliminary injunctive relief should be granted "rests entirely with the movant." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Recently, the Eighth Circuit Court of Appeals issued several decisions which clarify that members of a state parole board "are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges." Mayorga v. State of Mo., __ F.3d __, 2006 WL 798002, *3 (8th Cir. Mar. 30, 2006). Accord Figg v. Russell, 433 F.3d 593, 598 (8th Cir. 2006) ("parole board members are absolutely immune from suit when considering and deciding parole questions") (citation omitted).

"[A]bsolute immunity applies if parole officials have the power to attach conditions to a prisoner's early release." Mayorga, 2006 WL 798002 at *2, *citing* Figg, 433 F.3d at

598 ("the inquiry focuses on whether the subject matter of the decision was within the official's power, and whether the official was acting in [his or] her official capacity at the time of the decision"). Even if a parole board member makes an erroneous decision, the decision is not outside the official's jurisdiction simply because it is wrong. Therefore, absolute immunity is not forfeited because of the error. Mayorga, 2006 WL 798002 at *3 (deciding that parole board members were entitled to absolute immunity in their individual capacities even if mistaken in judgment).

Thus, at a minimum, the missing ingredient in this case is the likelihood of success on the merits of the plaintiff's claims against the defendants in their *individual* capacities, as "absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Figg v. Russell, 433 F.3d at 597. In addition, as the Eighth Circuit pointed out in Mayorga, 2006 WL 798002 at *3, the Parole Board members acting in their *official* capacities are not "persons" who may be sued under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

As the defendants have not yet raised the issue of immunity by motion, the court will not dismiss all or any part of this action sua sponte. However, filing no. 46, the plaintiff's Motion for a Temporary Restraining Order, is denied.

THEREFORE, IT IS ORDERED:

1.  That filing no. 46, the plaintiff's Motion for a Temporary Restraining Order, is denied;

2.  That filing no. 56, the plaintiff's second Motion for a Temporary Restraining Order is withdrawn in filing no. 58 and, accordingly, is denied; and

3. That filing no. 58, the plaintiff's Motion to Withdraw his second motion for a temporary restraining order (filing no. 56), is granted.

DATED this 5th day of April, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge