IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv31 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA PAROLE BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 72, the Motion to Add Parties filed by the plaintiff, Steven R. Blair; and filing no. 73, the Objection filed by the defendants. The plaintiff filed this action while a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserting civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988, based on denial of parole by the Nebraska Board of Parole. After previous amendments to the complaint, and progression of the case, he now wishes to add additional defendants who are not members of the Parole Board but are DCS officials, namely, the past and present Directors of DCS.

In addition to the delay which would be occasioned by an amendment at this late date, and the disruption of the progression schedule, and the failure to meet the deadline for amendments set forth in the court's Progression Order, the amendment proposed by the plaintiff would be futile. The complaint, as amended, does not allege any facts which involve the Director(s) of DCS. The mere addition of the past and present Directors would not cure that fatal flaw, and at this point, it is too late for an entire overhaul of the plaintiff's theory of the case. The DCS Directors were not parties to, or participants in, the decisions by the Board of Parole which the plaintiff finds objectionable.

1

It is possible that the plaintiff may be reacting to the court's decision (filing no. 61) finding the members of the Board of Parole shielded by absolute immunity and denying preliminary injunctive relief on that basis.  However, as the plaintiff filed this action while still a prisoner, he could not recover damages from the DCS Directors, even if he were to prevail on some theory of the case.  See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."   He could not recover injunctive relief from the DCS Directors, because those individuals are not empowered to grant parole or establish conditions of parole.

Because of the disruption that the proposed amendment adding defendants would cause to the progression of this case and the futility of the proposed amendment, filing no. 72, the plaintiff's Motion to Add Parties, is denied.   Also, filing no. 73, the defendants' Objection, is sustained.

IT IS SO ORDERED.

DATED  this 29th day of June, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2