IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN R. BLAIR, | ) |
| Plaintiff, | ) 8:05cv31 |
| vs. | ) MEMORANDUM AND ORDER |
| NEBRASKA PAROLE BOARD, et al., | ) |
| Defendants. | ) |

This matter is before the court on the following pending motions: (1) filing no. 78, the Motion for Dismissal for Mootness or Motion for Summary Judgment filed by the defendants, the members of the Nebraska Board of Parole in their official capacities; (2) filing no. 82, the Motion for Summary Judgment filed by the defendants, the members of the Nebraska Board of Parole in their individual capacities; (3) filing no. 101, the Motion to Compel filed by the plaintiff, Steven R. Blair; and (4) filing no. 102, the plaintiff's Motion for Extension of Time. In his complaint (filing no. 1), as amended by filing no. 13, the plaintiff, who is represented by counsel, seeks monetary, declaratory and injunctive relief for due process violations by the members of the Nebraska Board of Parole, in their individual and official capacities, who allegedly wrongfully denied the plaintiff parole.

In filing no. 102, the plaintiff requests an extension of time to respond to the defendants' summary judgment motions until after the parties' discovery disputes have been resolved. However, it appears from the record and the applicable law that legal principles rather than factual matters may dictate the results in this case, as discussed below. In any event, the plaintiff will be asked to respond to this Memorandum and Order.

Whether actions by the Nebraska Board of Parole may be challenged on due process grounds depends on whether the liberty interest addressed in <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 12 (1979) ("<u>Greenholz</u>") applies to

1

inmates in state custody in Nebraska. In fact, recently, in Wilkinson v. Dotson, 544 U.S. 74 (2005), the United States Supreme Court held that challenges to parole decisions may be raised not only in habeas corpus petitions, but also in civil rights actions. In other words, habeas corpus petitions are not the exclusive remedy for prisoners seeking declaratory or injunctive relief for parole eligibility or parole suitability decisions by parole boards. However, the initial determination in either proceeding is always whether the state in question maintains a parole system which, under state law, creates a legitimate expectation of parole, so that a liberty interest in parole arises that is subject to the protections of the Due Process Clause. If a court determines that state law creates a constitutionally protected liberty interest in parole, the court may then proceed to examine whether the alleged deprivation of that interest violated the plaintiff's procedural due process rights.

In this case, the plaintiff protests the Parole Board's failure to consider the judgment by the plaintiff's trial court vacating the plaintiff's sentence of conviction and directing the State to retry him. In 2003, the District Court of Douglas County, Nebraska granted the plaintiff's motion for postconviction relief, setting aside the plaintiff's convictions on the basis of ineffective assistance of trial counsel, and ordering a new trial. The State attempted unsuccessfully to appeal the postconviction judgment, but, in a decision on November 15, 2005 (filing no. 84-3), the Nebraska Court of Appeals dismissed the State's appeal for lack of jurisdiction. Consequently, the decision setting aside the plaintiff's conviction is final, but the plaintiff's new trial has not yet taken place.

After dismissal of the State's appeal from the postconviction judgment, the Nebraska Department of Correctional Services ("DCS") released the plaintiff from prison on December 14, 2005 (filing no. 84-2 at ¶ 4). However, the plaintiff is not serving parole.

### Injunctive and Declaratory Relief

As the plaintiff has been released from confinement, and his judgment of conviction has been vacated, he can no longer seek parole, and any request for injunctive relief of that kind has become moot, at least for the present. Similarly, because prospective injunctive relief is not available, a declaratory judgment cannot issue directing the defendants to conform their future conduct to federal law. A declaratory judgment establishing only the **past liability** of the State is forbidden by the State's sovereign immunity preserved by the Eleventh Amendment to the United States Constitution. Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 646 (2002). See also Ameritech Corp. v. McCann, 297 F.3d 582, 587 (7th Cir. 2002) (As opposed to a declaratory judgment that prospectively requires officials to conform their future conduct to federal law, a declaration of rights which could impose upon the State a monetary loss resulting from a past breach of a legal duty by defendant state officials is prohibited by the Eleventh Amendment.).

### Defendants in their Official Capacities

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985), *quoting* Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978): "Official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the official. In this case, that means each defendant, as a member of the Nebraska Board of Parole, is considered in his or her official capacity to be the State of Nebraska, for purposes of this litigation.

"States and state officers acting in their official capacity are immune from suits for damages in federal court." <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources</u>, 532 U.S. 598, 609 (2001). State sovereign immunity as recognized and preserved by the Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Therefore, no damages may be recovered from employees of the State in their official capacity.[1]

### Defendants in their Individual Capacities

Recently, the Eighth Circuit Court of Appeals issued several decisions which clarify that members of a state parole board "are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges." <u>Mayorga v. State of Mo.</u>, 442 F.3d 1128, 1131 (8th Cir. 2006). Accord <u>Figg v. Russell</u>, 433 F.3d 593, 598 (8th Cir. 2006) ("parole board members are absolutely immune from suit when considering and deciding parole questions") (citation omitted).

"[A]bsolute immunity applies if parole officials have the power to attach conditions to a prisoner's early release." <u>Mayorga v. State of Mo.</u>, 442 F.3d at 1131, *citing* <u>Figg v. Russell</u>, 433 F.3d at 598 ("the inquiry focuses on whether the subject matter of the decision was within the official's power, and whether the official was acting in [his or] her official capacity at the time of the decision"). Even if a parole board member makes an erroneous

---

[1] In addition, Parole Board members acting in their *official* capacity are not "persons" who may be sued under 42 U.S.C. § 1983. See <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (as a matter of sovereign immunity, a state, state agencies and state employees in their official capacity are not "persons" subject to suit under the federal civil rights laws).

4

decision, the decision is not outside the official's jurisdiction simply because it is wrong. Therefore, absolute immunity is not forfeited because of the error. Mayorga v. State of Mo., 442 F.3d at 1131 (deciding that parole board members were entitled to absolute immunity from damages in their *individual capacities* even if mistaken in judgment).

Thus, the plaintiff's claims against the defendants in their individual capacities must be dismissed, as "absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Figg v. Russell, 433 F.3d at 597. The plaintiff has not alleged any conduct by the defendants beyond the usual function of considering and deciding parole questions. Nevertheless, the plaintiff will have an opportunity to show cause why his claims against the defendants should not be dismissed as a matter of law because of the defendants' immunities from claims for damages and because the remedies of injunctive and declaratory relief have become moot.

## Order to Show Cause

In light of the foregoing principles, the plaintiff shall have until November 20, 2006, to show cause in writing why the defendants' Motions for Summary Judgment should not be granted. Filing nos. 78, 82, 101 and 102 are taken under advisement until that time and will be deemed submitted for decision thereafter.

SO ORDERED.

DATED this 31st day of October, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge