FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv31 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA PAROLE BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 78 and 82, the defendants' Motions for Summary Judgment, and filing no. 106, the plaintiff's Response to the court's Memorandum and Order directing the plaintiff to show cause why the defendants' Motions for Summary Judgment should not be granted.  In his complaint (filing no. 1), as amended by filing no. 13, the plaintiff, Steven R. Blair, who has retained counsel, seeks monetary, declaratory and injunctive relief for due process violations by the members of the Nebraska Board of Parole, in their individual and official capacities, who allegedly wrongfully denied the plaintiff parole.

On June 16, 1998, the plaintiff received a prison sentence for kidnapping, use of a deadly weapon to commit a felony, and terroristic threats.  The Nebraska Court of Appeals affirmed the conviction and sentence on March 31, 1999.  However, on August 11, 2003, the state district court granted the plaintiff's motion for postconviction relief, setting aside the plaintiff's convictions on the basis of ineffective assistance of trial counsel, and ordering a new trial.  The State attempted unsuccessfully to appeal the postconviction judgment, but, in a decision on November 15, 2005, the Nebraska Court of Appeals dismissed the State's appeal for lack of jurisdiction.

1

Consequently, the decision setting aside the plaintiff's conviction is final, but the plaintiff's new trial has not yet taken place. After dismissal of the State's appeal from the postconviction judgment, the Nebraska Department of Correctional Services ("DCS") released the plaintiff from prison on December 14, 2005. However, the plaintiff is not serving parole.

In filing no. 105, my Memorandum and Order of October 31, 2006, I directed the plaintiff to show cause why the above case should not be dismissed as moot. As I explained in filing no. 105, no damages can be recovered from the defendants in either their official or individual capacities. Because the defendants are state employees, the sovereign immunity recognized and preserved by the Eleventh Amendment to the U.S. Constitution bars the plaintiff from recovering damages from the defendants in their official capacities. Edelman v. Jordan, 415 U.S. 651, 663 (1974). In addition, because the defendants are members of a state parole board, they are shielded by absolute immunity in their individual capacities from the plaintiff's claims for damages. See, e.g., Figg v. Russell, 433 F.3d 593, 598 (8th Cir. 2006) ("parole board members are absolutely immune from suit when considering and deciding parole questions") (citation omitted).

As the plaintiff has been released from custody, and his judgment of conviction has been vacated, he can no longer seek parole, and any request for injunctive relief of that kind is presently moot. Similarly, because prospective injunctive relief is not available, the plaintiff cannot obtain a declaratory judgment directing the defendants to conform their future conduct to federal law. A declaratory judgment establishing only the **past liability** of a state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment. Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635,

646 (2002). See also Ameritech Corp. v. McCann, 297 F.3d 582, 587 (7th Cir. 2002) (As opposed to a declaratory judgment that prospectively requires officials to conform their future conduct to federal law, a declaration of rights which could impose upon the state a monetary loss resulting from a past breach of a legal duty by defendant state officials is prohibited by the Eleventh Amendment.).

Thus, no remedies are available to the plaintiff in his present circumstances, and the case is moot. In filing no. 106, the plaintiff contends that this case remains a "live controversy" which "is capable of repetition, yet evading review." The plaintiff urges that he will be retried, and, if found guilty and sentenced to a prison term, he will soon be eligible for parole, as he has already served most of the sentence for the offenses of conviction. He anticipates that "any new sentence would place him squarely before the Board of Parole ..." (filing no. 106 at 9), and thus, he has a continuing stake in the outcome of this case.

However, the plaintiff's claims in this case are predicated upon allegations of past violations of due process and equal protection by members of the Board of Parole, such as the Board's refusal to consider the reversal of the plaintiff's conviction on postconviction review. The plaintiff's characterization of this case as "capable of repetition, yet evading review" is speculative. Only if all possible variables align against the plaintiff would another constitutional claim arise so as to give rise to a new cause of action against the defendants: (1) The plaintiff would have to be retried. (2) He would have to be found guilty. (3) His sentence would have to include prison time. (3) A basis for a legitimate expectation of parole would have to exist. (4) The Board of Parole would have to deny parole. (5) The parole decision would have to involve some constitutional violation. In

3

addition, the plaintiff fails to explain why, assuming all of the foregoing variables converged to create another constitutional claim, such a claim would "evade review." On the contrary, if, in the plaintiff's view, the defendants again were to violate the Constitution, the plaintiff could file another civil rights case in state or federal court.

THEREFORE, IT IS ORDERED:

1. That filing nos. 78 and 82, the defendants' Motions for Summary Judgment, are granted insofar as the motions are consistent with this Memorandum and Order;

2. That the plaintiff's complaint, as amended, and this action are dismissed without prejudice, as moot;

3. That all other pending motions (filing nos. 101, 102) are denied; and

4. That a separate judgment will be entered accordingly.

DATED this 8th day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge